

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO.: 3:17-1206-MGL-2 |
| | § | |
| NEIL COREY TRAMMELL, | § | |
| Defendant. | § | |

---

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

---

## I.    INTRODUCTION

Pending before the Court is Defendant Neil Corey Trammell's (Trammell) pro se motion to reduce his sentence due to the COVID-19 pandemic.  Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court Trammell's motion to reduce his sentence will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

The grand jury indicated Trammell on one count of knowingly, intentionally, and unlawfully possessing with the intent to distribute and distributing a quantity of oxycodone, hydrocodone, hydromorphone, oxymorphone, tapentadol, methylphenidate, dextroamphetamine, morphine, meperidine, and fentanyl in violation of 21 U.S.C. §§ 841(a)(1) , 841(b)(1)(C), and 846 (Count One); one count of entering a location registered with the Drug Enforcement Agency with the intent to steal compounds containing controlled substances with a replacement cost of not less

than $500 in violation of 18 U.S.C. § 2118(b) (Count Two); one count of knowingly possessing a firearm in furtherance of, and the use and carrying of a firearm during and in retaliation to, a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Three), and a forfeiture count. Remaining counts were lodged against his codefendants.

On January 29, 2019, Trammell pled guilty to Count One. The Court, on July 26, 2019, sentenced him to a term of 210 months of imprisonment, and, upon release, a term of supervised release for three years with standard and special conditions. Counts Two, Three, and the forfeiture were dismissed upon motion of the government. Trammell is currently housed at United States Penitentiary Lee (USP Lee), and has a projected release date on or about June 17, 2032.

Trammell filed this motion seeking early release due to certain breathing-related issues that presented themselves after he contracted COVID-19, as well as his desire to care for his aging parents and minor son, and the Government responded. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.    STANDARD OF REVIEW

A court may modify a term of imprisonment under only three specific circumstances. First, a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

And third, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, permits modification of a term of imprisonment upon motion of the defendant after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A)(i). If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission[,]" the Court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id.* This statute also provides the Court must consider "the factors set forth in [S]ection 3553(a) to the extent that they are applicable[.]" *Id.*

The applicable Sentencing Commission policy statement referenced in Section 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)"). U.S.S.G. § 1B1.13 provides that the Court may reduce a term of imprisonment if the Court determines 1) "extraordinary and compelling reasons warrant the reduction,"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. §1B1.13. However, U.S.S.G. § 1B1.13 addresses motions for reductions that are filed by the Director of the BOP and it does not contain a policy statement that specifically addresses motions for reductions that are filed by an inmate defendant.

The Fourth Circuit recently issued a published opinion providing guidance on the arguments district courts can consider in determining whether "extraordinary and compelling" reasons exist to grant compassionate release. *United States v. McCoy*, 981 F.3d 271 (4th Cir.

3

2020). In *McCoy*, the Fourth Circuit discerned "[t]here is of now no 'applicable' policy statement governing compassionate-release motions by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). Ultimately, the determination of whether extraordinary and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court.

## IV.    DISCUSSION AND ANALYSIS

Trammell fails to argue either of the first two scenarios are applicable. Rather, he moves for a sentence reduction solely on the basis of the third circumstance, alleging he suffers from respiratory issues since contracting COVID-19, as well as his desire to care for his aging parents and minor son. Trammell avers these issues are extraordinary and compelling reasons to warrant release.

Turning to the merits of Trammell's motion, as discussed above, the Court may reduce a defendant's sentence if it concludes extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *McCoy*, 981 F.3d at 284. The Court must also consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

### A.    *Whether Trammell presents extraordinary and compelling reasons warranting a reduction of his sentence*

Trammell avers he has "never had a respiratory problem in [his] adult life as severe as [now] . . . since [he] contracted COVID-19 here at USP Lee." Trammell Letter to Warden at 1.

But, Trammell fails to argue how his alleged respiratory issues would be different if released from USP Lee.  Nor does he allege USP Lee has failed to adequately treat his respiratory issues.

Also, Trammell avers his parents' poor health constitutes an extraordinary and compelling factor justifying compassionate release.  This Court agrees with its sister courts such circumstances fail to reach the required threshold for granting a motion for compassionate release.  *See generally United States v. Hooks*, No. 3:18-CR-59-MOC-DCK-1, 2021 WL 796156, at *3 (W.D.N.C. Mar. 2, 2021) (rejecting a compassionate release motion on the grounds that movant's mother had terminal cancer); *United States v. Siberio-Rivera*, No. 17-CR-00320-6, 2020 WL 7353367, at *1 (E.D. Pa. Dec. 15, 2020) (stating that wanting to be released early to care for elderly or ill parents fails to rise to the level of an extraordinary and compelling circumstance warranting release).

Furthermore, and most importantly, evidence of Trammell's current placement heavily weighs against a determination extraordinary and compelling reasons warrant a reduction in his sentence.  According to the BOP COVID-19 case tracker, zero inmates at USP Lee is currently positive for COVID-19.  *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Oct. 21, 2021).  The lack of COVID-19 among the inmate population, the Court concludes, is due in part to the strong vaccination efforts of the BOP in general, as well as USP Lee in particular.

The BOP also maintains a website detailing the number of doses of the COVID-19 vaccine it has received and administered.  *See COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Oct. 21, 2021) (showing the BOP has administered 234,592 doses out of 254,266 received, over a ninety-two percent administration rate).  This website also notes the number of "Full Staff Inoculations Completed" as well as "Full Inmate Inoculations Completed" for each BOP facility.  *Id.*  According to this website, 198

employees of USP Lee have been fully vaccinated, as well as 962 inmates. *Id.* And, vaccine doses to inmates are "based on priority of need in accordance with CDC guidelines." *Id.*

Accordingly, the Court concludes Trammell fails to demonstrate extraordinary and compelling reasons warrant a sentence reduction in light of the lack of COVID-19 among the inmate population at USP Lee, the extraordinary and successful vaccination efforts of the BOP, and the lack of argument or evidence release from USP Lee would result in a different medical outcome as to his breathing-related issues. Alternatively, even if the Court concluded Trammell demonstrated extraordinary and compelling reasons warranted a reduction in his sentence under Section 3582(c)(1)(A), his motion would be denied based on an analysis of the Section 3553(a) factors.

**B.**    ***Whether the Section 3553(a) factors weigh in favor of release***

As noted above, the Court, in considering a motion for compassionate release, must consider the factors under 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes by the defendant;" "the kinds of sentences available;" "any pertinent policy statement[;]" "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

The Fourth Circuit recently noted in a published opinion, "the text of 18 U.S.C. § 3582(c)(1) does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release" and "§ 3582(c)(1) merely requires district courts to 'consider[]' the relevant § 3553(a) factors." *United States v. Kibble*, 992 F.3d 326, 331

n.3 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)). Thus, "this language [provides] the district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release." *Id.*

Here, the Court concludes the Section 3553(a) factors weigh heavily against release. The nature of Trammell's offenses is serious. Trammell was convicted of, and sentenced for, his involvement in a very serious drug conspiracy involving oxycodone, hydrocodone, hydromorphone, oxymorphone, tapentadol, methylphenidate, dextroamphetamine, morphine, meperidine, and fentanyl. Illegal distribution of these drugs negatively impacts our society and countless communities and individuals throughout the country. Accord to Trammell's Presentence Investigation Report (PSR), he was held accountable for "4,022.5164 kilograms of converted drug weight[.]" PSR ¶ 45. 4,022.5164 kilograms equals nearly nine-thousand pounds, a significant number.

Trammell's criminal history led to a criminal history category of V, PSR ¶ 63, and his prior terms of supervision have proved unsuccessful, *see* PSR ¶¶ 55, 56, 58 (noting numerous violations of parole for previous criminal offenses).

Furthermore, as the Court sentenced Trammell to 210 months of imprisonment approximately two years ago, granting him relief in this case would produce unwarranted sentencing disparities for others accused these serious crimes. And, the balance of the Section 3553(a) factors since his sentencing on July 26, 2019, have failed to change in a way that would warrant relief.

Consequently, based on the Court's analysis and balancing of the Section 3553(a) factors, a reduction in sentence to release Trammell is inappropriate.

## IV.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court

Trammell's motion to reduce his sentence is **DENIED**.

**IT IS SO ORDERED.**

Signed this 25th day of October 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE